**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**JEFFREY GREEN,**
    **Petitioner,**

**v.**                                                               **Case No. 4:24cv125-AW/MAF**

**STATE OF FLORIDA,**
    **Respondent.**
_____/

**REPORT AND RECOMMENDATION**

On or about March 8, 2024, while at the RMC – Main Unit, Jeffery Green submitted a "Notice of Appeal" styled for this Court, referencing his case number 1D2023-1350 from the First District Court of Appeal, State of Florida. ECF No. 1. In this filing, he appears to assert "actual innocence" and, in his Certificate of Service, he indicates this is a "petition." *Id*. at 1-2. The Clerk's Office opened the case as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254; however, it was not clear that Green intended to file this as a habeas petition in federal court. Accordingly, by order on March 15, 2024, the undersigned directed him to pay the filing fee and submit a § 2254 petition on the proper form, if he wished to proceed in this Court. ECF No. 3.

Thereafter, Green requested an extension of time to pay the filing fee and submit a petition on the proper form. ECF No. 4. In this filing, he

explains he is at the RMC – Main Unit, for medical purposes, waiting to have an operation, and he "is not allowed to bring all of his legal papers with him." *Id*. at 1. He indicates he does not know how long he will be at RMC – Main Unit and requests an extension of thirty (30) days to comply with the Court's order. *Id*. at 1-2. By order on March 29, 2024, the undersigned granted the requested extension through May 15, 2024. ECF No. 5. As of April 10, 2024, Green paid the filing fee. ECF No. 6.

On April 13, 2024, Green submitted a "Motion to Withdraw." ECF No. 7. In this filing, he states "after speaking with the medical staff" at the RMC – Main Unit, he understands "he could be here at least five to six months." *Id*. at 2. He "wishes not to continue to file motions for enlargement of time and cluttering this Court's case docket." *Id*. He indicates "through research [he] has discovered that since he appealed his 3.850 motion for post-conviction relief on a 2254 habeas corpus petition challenging this judgment and conviction he must first get permission from the United States District Court of Appeals for the Eleventh Circuit." *Id*. He asks the Court to allow him "to withdraw his request to submit his habeas corpus petition in Case No.: 4:24cv00125-AW-MAF, until he gets back to his permanent/main institution so that he can properly fill out the form as well as

have the opportunity to follow court procedure by getting permission from the Eleventh Circuit Court of Appeals first." *Id*.

A search of this Court's docket does not reflect a previous § 2254 petition filed by Jeffrey Green. Nor does he appear to have any cases in the Eleventh Circuit Court of Appeals. The online docket for the First DCA case 1D2023-1350, he referenced in his initial filing, ECF No. 1, reflects his "motion for late rehearing docketed January 29, 2024," was denied by that court in an order on February 7, 2024. *See* Florida Appellate Case Information System at https://acis.flcourts.gov/portal/court.

If a petitioner wishes to dismiss a case in federal court, a petitioner may file a Notice of Voluntary Dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), which provides that an action may be dismissed without a court order by filing a notice of dismissal before the opposing party serves an answer. This rule applies to federal habeas corpus proceedings. *See* Rule 12, R. Gov. § 2254 Cases.

In this case, Petitioner Green has not submitted a § 2254 petition on the proper form, so Respondent has not yet filed an answer, motion, or other response. Therefore, this case may be dismissed at Petitioner Green's request without a court order. *See* Fed. R. Civ. P. 41(a)(1)(A)(i).

Although Petitioner Green may thus automatically dismiss this case, he should be aware that such dismissal may foreclose future federal habeas review of his conviction. Specifically, Petitioner is cautioned that under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), there is a one-year limitations period for filing a § 2254 petition. 28 U.S.C. § 2244(d)(1). The limitations period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," though there are later commencement dates. *Id.* § 2244(d)(1)(A).[1] Further, the limitations period is tolled for the time during which a "properly filed" application for relief is pending in state court, and the time may also be equitably tolled, but "only if a petitioner establishes *both* extraordinary circumstances and due diligence." *Id.* § 2244(d)(2); Diaz v. Sec'y for Dep't of Corr., 362 F.3d 698, 702 (11th Cir. 2004). **The filing of a federal habeas petition does not toll the AEDPA limitations period, and a dismissal of the federal petition without prejudice does not excuse a petitioner from the one-year limitations period**. *See, e.g.,* Duncan v.

---

[1]Later dates which may commence the limitations period are the date on which (1) an unconstitutional impediment which prevented the applicant from filing is removed; (2) the constitutional right asserted was recognized by the United States Supreme Court and made retroactive on collateral review; and (3) the factual predicate for the claim could have been discovered by due diligence. 28 U.S.C. § 2244(d)(1)(B)-(D).

Case No. 4:24cv125-AW/MAF

Case 4:24-cv-00125-AW-MAF   Document 8   Filed 04/24/24   Page 5 of 6

Page **5** of **6**

Walker, 533 U.S. 167, 181-82 (2001).  *See also, e.g.,* Hutchinson v. State of Fla., 677 F.3d 1097, 1098 (11th Cir. 2012) ("In order for that § 2244(d)(2) statutory tolling to apply, the petitioner must file his state collateral petition before the one-year period for filing his federal habeas petition has run."); Tinker v. Moore, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002) ("We remind petitioners that a properly and timely filed petition in state court only tolls the time remaining within the federal limitation period.").

## Recommendation

Petitioner Green has filed a "Motion to Withdraw," ECF No. 7, in which he requests the Court withdraw his request to submit a habeas petition. Accordingly, it is respectfully recommended that his motion be construed as a Notice of Voluntary Dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), and this case be **DISMISSED** unless Petitioner Green requests to withdraw his motion within the time allowed for objections to this Report and Recommendation.

**IN CHAMBERS** at Tallahassee, Florida, on April 24, 2024.

        S/   Martin A. Fitzpatrick  
        **MARTIN A. FITZPATRICK**  
        **UNITED STATES MAGISTRATE JUDGE**

Case No. 4:24cv125-AW/MAF

## **NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). **Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control**. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.